**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE NO.: 5:09-CR-00022-TBR**

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

**v.**

**JERRY H. GLASS**                                                                               **DEFENDANT**

### OPINION AND ORDER

This matter is before the Court upon Defendant, Jerry H. Glass', Motion to Suppress Evidence Obtained by Illegal Search and Seizure (DN 22). A hearing was had in this matter on April 9, 2010. This matter is now ripe for adjudication. For the following reasons, Defendant's Motion is DENIED.

### BACKGROUND

On July 23, 2008, a search was conducted of Defendant Jerry Glass' property located at 3872 Kentucky Highway 93 South in Eddyville, Kentucky. A Kentucky State Police helicopter found several marijuana plants located 200 to 300 yards from Glass' residence around 10:50 a.m. An eradication team, including two conservation officers, was notified of the finding and sent to the location. The officers arrived approximately 15 to 20 minutes later. Upon arrival the officers cut several of the plants initially spotted by the helicopter.

At least two officers left the scene to obtain a search warrant. A warrant was signed at 3:35 p.m. The officers returned to the property with the warrant around 4:00 p.m. At this time a search was conducted of the entire property including the residence and any other buildings. Several more marijuana plants and evidence of marijuana growing was discovered during this search.

Glass now moves for suppression of any physical evidence obtained as a result of this search.

### DISCUSSION

Glass argues that his Fourth Amendment right to be free of unreasonable search and seizure was violated when law enforcement officers entered his property and seized items prior to obtaining a search warrant. U.S. CONST. amend. IV.

At the suppression hearing, the Government called Brad Harper of the Kentucky State Police. Harper testified that the warrant was signed at 3:35 p.m. on July 28, 2008, and he returned to the Glass property around 4:00 p.m. He further testified that the officers that were waiting at the property had been instructed not to enter the property until the warrant had been obtained. He stated that although he left the property in order to obtain the warrant, he did not believe anyone entered the property or seized assets before the warrant was obtained.

Glass called Conservation Officer Daniel Richardson who was present and participated in the search. Richardson testified that after he and several Kentucky State Police officers arrived at the property they did not enter the property or seize assets until the warrant was obtained. He testified that he issued a citation and filled out a seizure report that day. The time noted on these documents was 14:00 hours, or 2:00 p.m. Richardson stated that he wrote down the wrong time on both of these forms since no search was made prior to the warrant being obtained.

The Court finds the testimony of Richardson credible. Richardson wrote the time on the forms as 2:00 p.m., however, he stated that the officers waiting did not enter the property until the warrant was obtained and read at the location. Based on this evidence, the Court finds no search or seizure was conducted until after the warrant was obtained; therefore, there was no Fourth Amendment violation.

## CONCLUSION

IT IS HEREBY ORDERED Defendant's motion to suppress is DENIED.  This matter is set for telephonic further proceedings on **April 27, 2010 at 12:15 p.m. CDT**.  The Court will place the call to counsel.